UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| BRANDON BLUHM,<br><br>              Plaintiff,<br><br>   v.<br><br>WYNDHAM WORLD WIDE CORPORATION, et al.,<br><br>              Defendants. | CASE NO. C18-5813 BHS<br><br>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT OR IN THE ALTERNATIVE TO TRANSFER VENUE AS MOOT |

This matter comes before the Court on Defendant Wyndham Worldwide Corporation ("WWC") and "Wyndham or one of its affiliates, including but not limited to, Club Wyndham Access Points, Undivided Interests, Beneficial Interests, Credits and/or the Timeshare Interests (The "Timeshare Interests") Extra Holidays, FVOA, WWO['s]" (collectively "Defendants") motion to dismiss, or for summary judgment, or in the alternative to transfer venue. Dkt. 20. The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants the motion for the reasons stated herein.

I. PROCEDURAL HISTORY AND FACTUAL BACKGROUND

Plaintiff Brandon Bluhm ("Bluhm") is an individual who owns timeshares and earns income from renting his timeshare interests to others. Dkt. 19, ("First Amended

Complaint"), ¶ 4. Bluhm appears to have owned approximately 68 timeshare contracts affiliated with Defendants. *See id.* ¶ 6. Bluhm used a website affiliated with Defendants to rent out his timeshare interests for income. *Id.* ¶ 4. In May 2017, Bluhm's ability to manage his timeshare interests through this website was impeded. *Id.* Bluhm alleges that in July 2017, a representative affiliated with Defendants told him that if he sold back 64 of his timeshare contracts, his access to the website would be restored. *Id.* ¶ 6–7. Subsequently, Bluhm sold 64 of his timeshare contracts back to Defendants or an affiliated entity. *Id.* ¶ 7. However, Bluhm was unable to access the website until October 2017. *Id.* ¶ 11. Upon regaining access, Bluhm's ability to use the website was limited by website errors. *Id.*

Bluhm filed suit in this Court on October 8, 2018. Dkt. 1. On January 24, 2019, Defendants moved for transfer of venue, or in the alternative for dismissal pursuant to Fed. R. Civ. P. 12(b)(6), 12(b)(7), or summary judgment pursuant to Fed. R. Civ. P. 56. Dkt. 11. On April 9, 2019, the Court granted Defendants' motion to dismiss without prejudice on the basis of failure to establish jurisdiction and granted Bluhm leave to amend his complaint. Dkt. 18.

On April 19, 2019, Bluhm filed his First Amended Complaint. Dkt. 19. On May 3, 2019, Defendants filed a second motion to dismiss, or in the alternative for summary judgment, or in the alternative to transfer venue. Dkt. 20. On May 13, 2019, the Court entered the parties' stipulated order to permit substitution of counsel for Bluhm. Dkt. 22. On May 28, 2019, Bluhm responded to Defendants' motion. Dkt. 23. On June 7, 2019, Defendants replied. Dkt. 28.

## II. DISCUSSION

The Court's previous order found Bluhm had failed to allege sufficient facts to establish personal jurisdiction over the named Defendants. Dkt. 18. The Court dismissed Bluhm's claims with leave to amend. *Id*. Bluhm's First Amended Complaint does little to cure the defects in his jurisdictional allegations. *See* Dkt. 19, ¶ 2 (reading in part "[Plaintiff] will show that the contracts were executed by [P]laintiff in the state of Washington sent to [P]laintiff by [D]efendants").

Defendants argue that the Court's artciulation of the original complaint's deficiencies applies to the First Amended Complaint as well—both Bluhm's original complaint and his First Amended Complaint allege breach of contract and misrepresentation claims but fails to plead facts tending to show "how or where [contract] negotiations were initiated, conducted, or completed, or where performance was contemplated such that the Court can analyze whether sufficient contacts occurred such that its exercise of jurisdiction would be consistent with due process." Dkt. 20 at 11 (citing Dkt. 18 at 6).

The First Amended Complaint includes three exhibits which it identifies as "contracts that were entered into [in] the [S]tate of Washington from [sic] the defendants." Dkt. 19, ¶ 2; Dkt 19-1. The exhibits appear to contain three final pages of contracts notarized in Washington and signed by Bluhm. *Id*. However, the First Amended Complaint again fails to allege basic facts such as the circumstances of each contract's negotiation, the location of performance contemplated, or the identity of the counterparty. *See* Dkt. 18 at 6. To determine whether the Court has jurisdiction over the various

defendants, the Court must be able to evaluate each defendant's minimum contacts with the forum. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011).

Bluhm's response to WWC's motion, filed by new counsel, contains a substantially more detailed factual history of the actions in controversy than the First Amended Complaint, Dkt. 23, as well as a seventeen-page declaration from Bluhm with nearly ninety pages of supporting exhibits, Dkt. 24; Dkts. 24-1–24-16. In reply, Defendants highlight the fact that while Bluhm's First Amended Complaint names as defendants WWC and "Wyndham or one of its affiliates, including but not limited to, Club Wyndham Access Points, Undivided Interests, Benefincal [sic] Interests, Credits and/or the Timeshare Interests, Extra Holidays, FVOA, [and] WWO," in response, Bluhm makes jurisdictional arguments regarding WWC and two entities not named in the First Amended Complaint which WWC identifies as Wyndham Vacation Resorts ("WVR") and Wyndham Vacation Ownership ("WVO"). Dkt. 28 at 2 (citing Dkt. 23 at 14).[1] Defendants argue that the conflict between the First Amended Complaint and Bluhm's response deprives Defendants of fair notice. Dkt. 28 at 2. WWC further argues that "[n]owhere in the Amended Complaint does Plaintiff explain what WWC, WVR or WVO allegedly did," which "make[s] it virtually impossible for Defendants to defend themselves . . . ." *Id*. at 3. The portion of Bluhm's opposition Defendants cite includes a footnote informing the Court that "Wyndham's convoluted corporate structure makes it difficult to know precisely which entity is to blame for its misconduct, and Plaintiff

---

[1] Bluhm appears to refer to WVR as Wyndham Resorts and to WVO as Wyndham Ownership. *See* Dkt. 23 at 14.

therefore intends to name 'Wyndham Doe' defendants along with [WWC], Wyndham Resorts, and Wyndham Ownership if leave to amend is granted. Fairshare Vacation Owner's Association ("FVOA") may also be named later, but discovery is needed." Dkt. 23 at 14 n.3.

"The trial court's discretion to deny [leave to amend] is particularly broad where, as here, a plaintiff previously has been granted leave to amend." *Griggs v. Pace Am. Grp., Inc.,* 170 F.3d 877, 879 (9th Cir. 1999). Bluhm's new counsel appears to admit that the First Amended complaint failed to correct the deficiencies the Court identified. *See* Dkt. 23 ("Even if not well stated in the existing pleadings, Plaintiff can make the required showing of jurisdiction. The Court should deny Wyndham's motion, or perhaps more appropriately, grant leave for Plaintiff to file an amended complaint."). Bluhm's opposition argues that the Court can establish jurisdiction over Wyndham Resorts and Wyndham Ownership though these entities are not named in the complaint, as well as over WWC. Dkt. 23 at 14. Finding that Bluhm's new counsel recognizes the likelihood that the First Amended Complaint requires amendment, that Bluhm's opposition focuses at least in part on defendants which are not currently named, and that Defendants are correct that the First Amended complaint does not cure the identified jurisdictional deficiencies regarding named Defendants, the Court grants the motion to dismiss.

WWC argues that the Court should deny Bluhm's request for leave to amend because he has failed to attach a copy of the proposed amended pleading as an exhibit to his opposition. Dkt. 28 at 8 (citing Local Rules W.D. Wash. LCR 15). However, this rule applies to a motion or stipulation to amend a complaint, not to a brief in opposition to a

motion to dismiss. While the Court would otherwise be inclined to dismiss Bluhm's First Amended Complaint with prejudice for failure to correct the identified deficiencies, it appears possible that with the aid of Bluhm's new counsel his claims may be cured by amendment. Therefore, the Court will dismiss Bluhm's First Amended Complaint without prejudice and with leave to amend. Consequently, WWC's motions in the alternative for summary judgment or transfer are moot and are denied without prejudice. Dkt. 20. Bluhm is advised that the Court will look skeptically upon further requests for leave to amend should the Second Amended Complaint fail to sufficiently allege a basis for jurisdiction over the named defendants or fail to state a claim for which relief may be granted.

### III.  ORDER

Therefore, it is hereby **ORDERED** that Defendants' motion to dismiss, Dkt. 20, is **GRANTED**, Bluhm's claims are **DISMISSED without prejudice** and with leave to amend, and Defendants' motions in the alternative for summary judgment or transfer are **DENIED as moot and without prejudice**, Dkt. 20. Bluhm may file an amended complaint no later than July 26, 2019.

Dated this 12th day of July, 2019.

BENJAMIN H. SETTLE
United States District Judge